**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:21-cv-1442_____

SHINESTY, INC.

                Plaintiff,


TOMMY JOHN, INC.

                Defendant.
_____

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN; AND COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
_____

      Plaintiff Shinesty, Inc. ("Shinesty" or "Plaintiff"), by its undersigned attorneys, in support of its Complaint against Defendant Tommy John, Inc. ("TJ" or "Defendant"), demands a trial by jury and alleges and states upon information and belief as follows:

**INTRODUCTION**

      1.     Shinesty seeks relief for violations of the Lanham Act and Colorado common law trademark infringement and unfair competition.

      2.     Shinesty brings this lawsuit to protect the substantial goodwill that it has developed over the past several years in its distinctive BALL HAMMOCK mark for underwear and BALL HAMMOCK POUCH mark for underwear, and to protect the rights and substantial goodwill recently acquired in its HAMMOCK LIFE CLOTHING mark for clothing (collectively, the "Shinesty HAMMOCK Marks"). The Shinesty HAMMOCK Marks have gained a reputation as being a source of high-quality goods.

3.  The goodwill and reputation for quality that Shinesty has worked so hard to cultivate has been threatened by Defendant's actions. Defendant has used and continues to use its BALL HAMMOCK mark, BALL HAMMOCK POUCH mark, and HAMMOCK POUCH mark ("the Accused HAMMOCK Marks"), which are confusingly similar to Plaintiff's HAMMOCK Marks, to sell related and competing goods to many of the same consumers served by Shinesty. Unless Defendant is enjoined from using the Accused HAMMOCK Marks, such use will cause consumer confusion and will cause irreparable harm to Shinesty.

4.  This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

## THE PARTIES

5.  Plaintiff Shinesty, Inc. is a corporation organized and existing under the laws of Delaware and has a principal place of business at 1990 N. 57th Ct., Suite A, Boulder, Colorado 80301.

6.  Upon information and belief, Defendant Tommy John, Inc. is a corporation organized and existing under the laws of Delaware and has a principal place of business at 100 Broadway, 11th Floor, New York, New York 10005.

## JURISDICTION AND VENUE

7.  This is an action for federal trademark infringement and unfair competition in violation of the Lanham Act (15 U.S.C. §§ 1114(a),1125(a)).

8.  This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions under the laws of the United States of America); 28 U.S.C. § 1332(a) (diversity of citizenship

between the parties), and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

9. This Court has supplemental jurisdiction over the claims in this action that arise under state law pursuant to 28 U.S.C. § 1367(a) because these state law claims are so related to Shinesty's claims under federal law that they form part of the same case or controversy in this judicial district and derive from a common nucleus of operative fact.

10. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant solicits and conducts business within this judicial district, and advertises and offers goods, which are the subject of the claims in this action, to customers and/or potential customers in this judicial district and directly or through others have offered and sold their goods to customers in this judicial district. Moreover, Defendant's acts of infringement of the Shinesty HAMMOCK Marks were committed in the District of Colorado, within the jurisdiction of this Court. Defendant has advertised and marketed its goods under the infringing mark in this State and, upon information and belief, has sold goods in connection with the Accused HAMMOCK Marks in this State.  Accordingly, the exercise of personal jurisdiction over Defendant comports with the laws of the State of Colorado and the constitutional requirements of due process.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district and because

a substantial part of the events or omissions giving rise to Shinesty's claims in this action occurred within this judicial district.

## MATERIAL FACTS

*Shinesty's Applicable Trademark Rights*

12. Shinesty is a clothing and apparel company that sells several lines of clothing and apparel throughout the United States. One of Shinesty's most popular products is its line of underwear sold under and in connection with the marks BALL HAMMOCK and BALL HAMMOCK POUCH.

13. Since at least as early as May 2017, and long prior to the acts alleged herein, Shinesty has been continuously and substantially exclusively engaged in selling and offering to sell its underwear under the distinctive marks BALL HAMMOCK and BALL HAMMOCK POUCH in interstate commerce in the United States, including in the State of Colorado. Attached as Exhibit A is a true and correct copy of a specimen showing an example of how Shinesty has marked its underwear with the mark BALL HAMMOCK. Attached as Exhibit B are true and correct copies of examples of marketing materials *(i.e.,* excerpts from its website, social media, etc.) showing how Shinesty has used its distinctive marks BALL HAMMOCK and BALL HAMMOCK POUCH.

14. Shinesty owns U.S. Trademark Reg. No. 5,882,183 for the mark BALL HAMMOCK for "Underwear, shorts, men's swimwear" in Class 25. (the '183 Registration). The '183 Registration was filed on September 4, 2018, was registered October 15, 2019, and claims a first use anywhere date and a first use in commerce date of May 12, 2017. Attached as Exhibit C are true and correct copies of the '183

Registration and a printout from the USPTO website showing the status of the '183 Registration.

15.     Shinesty also owns U.S. Reg. No. 5,674,234 for the mark HAMMOCK LIFE CLOTHING for "Beach cover-ups; Beach footwear; Beachwear; Bottoms as clothing; Footwear; Hats; Headwear; Sandals and beach shoes; Swim caps; Swim suits; Swimwear; T-shirts; Tops as clothing; Underwear" in Class 25 (the '234 Registration). The '234 Registration was filed on June 8, 2018, was registered February 12, 2019, and claims a first use anywhere date of February 26, 2014 and a first use in commerce date of February 1, 2015.  Attached as Exhibit D are true and correct copies of the '234 Registration and a printout from the USPTO website showing the status of the '234 Registration. (the '183 Registration and the '234 Registration, collectively the "Registered HAMMOCK Rights").

16.     On April 7, 2021, Walden-Hayes, Inc. assigned to Shinesty all rights in the '234 Registration and the goodwill symbolized by the mark HAMMOCK LIFE CLOTHING, as evidenced by an assignment recorded May 3, 2021.  A true and correct copy of the assignment is attached in Exhibit D.

17.     Shinesty owns pending U.S. Trademark App. Ser. No. 90/557,504 for the mark BALL HAMMOCK for "Underwear; Boxer briefs; Boxer shorts; Men's underwear" in Class 25 and for "On-line retail store services featuring subscription boxes containing underwear or socks; On-line retail store services featuring clothing, underwear, men's underwear, boxer briefs, boxer shorts, kimonos, robes, non-medicated lotions for intimate personal hygiene purposes; Wholesale store services featuring clothing, underwear, men's underwear, boxer briefs, boxer shorts, kimonos, robes, non-

5

medicated lotions for intimate personal hygiene purposes; Wholesale store services featuring subscription boxes containing underwear or socks" in Class 35 ("the '504 Application). The '504 Application was filed March 3, 2021 and, for Class 25, claims a first use anywhere date and first use in commerce date of May 12, 2017. Attached as Exhibit E is a true and correct copy of a printout from the USPTO website showing the status of the '504 Application.

18. Shinesty owns pending U.S. Trademark App. Ser. No. 90/557,491 for the mark HAMMOCK for "Blazers; Bralettes; Coats; Dresses; Hats; Headbands; Headwear; Jumpsuits; Kimonos; Overalls; Pajamas; Pants; Robes; Shirts; Shorts; Skirts; Socks; Sweaters; T-shirts; Turtlenecks; Underwear; Athletic shorts; Boxer briefs; Boxer shorts; Clothing, namely, base layers; Fleece tops; Flight suits; Jackets; Long underwear; Men's suits; Men's underwear; Ski suits; Swim wear; Ties as clothing; Women's underwear" in Class 25 and "On-line retail store services featuring subscription boxes containing underwear or socks; On-line retail store services featuring clothing, underwear, men's underwear, women's underwear, boxer briefs, boxer shorts, ski suits, sweaters, blazers, overalls, jumpsuits, men's suits, coats, jackets, kimonos, robes, swim wear, hats, headwear, headbands, pants, ties as clothing, flight suits, turtlenecks, shirts, t-shirts, pajamas, base layers, fleece tops, skirts, dresses, socks, bralettes, shorts, athletic shorts, long underwear, sunglasses, fanny packs, face marks, non-medicated cleansers and lotions for intimate personal hygiene purposes, cologne, bar soap; Wholesale store services featuring clothing, underwear, men's underwear, women's underwear, boxer briefs, boxer shorts, ski suits, sweaters, blazers, overalls, jumpsuits, men's suits, coats, jackets, kimonos, robes, swim wear, hats, headwear, headbands,

pants, ties as clothing, flight suits, turtlenecks, shirts, t-shirts, pajamas, base layers, fleece tops, skirts, dresses, socks, bralettes, shorts, athletic shorts, long underwear, sunglasses, fanny packs, face marks, non-medicated cleansers and lotions for intimate personal hygiene purposes, cologne, bar soap; Wholesale store services featuring subscription boxes containing underwear or socks" in Class 35 (the '491 Application). The '491 Application was filed on March 3, 2021. Attached as Exhibit F is a true and correct copy of a printout from the USPTO website showing the status of the '491 Application.

19. Prior to Defendant's acts alleged herein, and as a result of advertising, extensive and widespread sales, and the care and skill exercised by Shinesty in rendering its underwear under the BALL HAMMOCK and BALL HAMMOCK POUCH marks, and as a result of the uniform high quality of those goods, and the public's acceptance thereof, Shinesty's goods have acquired an excellent reputation, as well as celebrity. As a result, the BALL HAMMOCK and BALL HAMMOCK POUCH marks symbolize valuable goodwill that Shinesty has created throughout the United States for Shinesty's underwear.

### *Defendant's Accused HAMMOCK Marks*

20. Defendant is a direct competitor to the business of Shinesty, in that Defendant and Shinesty each sell clothing, including underwear, and apparel to the same types of consumers and market and sell in the same channels of trade, including online.

21. Upon information and belief, Defendant sells underwear in connection with the marks BALL HAMMOCK, BALL HAMMOCK POUCH, and HAMMOCK POUCH,

7

which directly competes against Shinesty's underwear sold under the marks BALL HAMMOCK and BALL HAMMOCK POUCH.

22. Upon information and belief, Defendant first began using the Accused HAMMOCK Marks in connection with any clothing, including underwear, or apparel after September 4, 2018.

23. Upon information and belief, Defendant uses the website www.tommyjohn.com to market and sell clothing, including underwear, in connection with the Accused HAMMOCK Marks in the United States. A true and correct copy of an excerpt from Defendant's website is attached as Exhibit G.

24. Defendant is using the marks "Ball Hammock Pouch™" and "Hammock Pouch™" as source-identifying trademarks for underwear in titles or headers of pages of its www.tommyjohn.com website that are returned as search results on www.google.com. A true and correct copy of an example is attached as Exhibit H.

25. Defendant posted an advertising blog post to its www.tommyjohn.com website dated September 21, 2020, entitled "Should you try the notorious ball hammock? Here are the pros & cons." A true and correct copy of the blog post is attached as Exhibit I. This blog post remains active and uses the term "ball Hammock" on 17 occasions including in large headers, the term "hammock pouch" on 1 occasion, and the term "hammock" on 4 occasions. Other blog posts using the terms "ball hammock," "hammock pouch," or "hammock" are attached as Exhibit J.

26. Defendant is using the Accused HAMMOCK Marks in other promotional and advertising media. A true and correct copy of examples are attached as Exhibit K.

27. Upon information and belief, Defendant repeated the terms "ball hammock," "hammock pouch," and "hammock" throughout its website www.tommyjohn.com and in the blog posts on this website to increase the search engine optimization (SEO) results, to return a higher-ranked result when customers are using an online search engine, like Google, to search for such terms in connection with clothing and underwear.

28. Upon information and belief, Defendant used Power Digital Marketing to develop one or more advertising blog posts that included the terms "ball hammock," "hammock pouch," or "hammock" with the goal of increasing SEO and traffic to its website by using such terms in advertising blog posts.

29. Upon information and belief, Defendant is intentionally using the terms "ball hammock," "hammock pouch," and "hammock" to try render these terms descriptive or generic for underwear and clothing.

30. No dictionary definition of the terms "ball hammock," "hammock pouch," and "hammock" exist to define these terms as features of underwear.

31. Upon information and belief, but for the attempts by Defendant to render the terms "ball hammock," "ball hammock pouch," and "hammock pouch" as non-distinctive terms for underwear and clothing, consumers only recognize the marks BALL HAMMOCK and BALL HAMMOCK POUCH as distinctive source-indicators for underwear.

32. Upon information and belief, Shinesty began using the mark BALL HAMMOCK for underwear before Defendant began using the mark BALL HAMMOCK for underwear.

33. Upon information and belief, the Shinesty HAMMOCK Marks were being used by Shinesty or the predecessor owners of HAMMOCK LIFE CLOTHING, for clothing before Defendant began using the Accused HAMMOCK Marks for clothing.

34. Customers are actually confusing Defendant's underwear bearing the Accused HAMMOCK Marks with Shinesty's underwear sold in connection with the BALL HAMMOCK and BALL HAMMOCK POUCH marks. A true and correct copy of examples of actual consumer confusion are attached as Exhibit L.

35. Shinesty has requested in writing that Defendant cease and desist from its infringing actions that violate federal and state laws, but Defendant has failed to comply with this request.

36. Shinesty has not authorized, permitted, endorsed, sponsored, nor licensed Defendant to use any mark owned by Shinesty, including the Shinesty HAMMOCK Marks, for any goods or services.

**COUNT 1 – VIOLATIONS OF THE LANHAM ACT: FEDERAL TRADEMARK INFRINGEMENT**

37. Shinesty hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth herein.

38. The '183 Registration evidences Shinesty's exclusive right to use the mark reflected therein in connection with the goods identified therein.

39. Shinesty commenced use of the BALL HAMMOCK mark in interstate commerce in connection with underwear, prior to Defendant's commencement of use of

the Accused HAMMOCK Marks. Shinesty's use of the mark BALL HAMMOCK has been continuous since its first use.

40. The '234 Registration evidences Shinesty's exclusive right to use the mark reflected therein in connection with the goods identified therein.

41. A predecessor owner to Shinesty commenced use of the HAMMOCK LIFE CLOTHING mark in interstate commerce in connection with clothing, prior to Defendant's commencement of use of the Accused HAMMOCK Marks. Shinesty was assigned rights in the '234 Registration on April 7, 2021 and intends to use this mark in connection with clothing.

42. The goods and services offered by Defendant directly compete with, or are related to, Shinesty's goods and services.

43. Upon information and belief, Defendant sells its goods and services in some of the same channels, and to the same consumers, as does Shinesty.

44. Without Shinesty's consent, Defendant has used the Accused HAMMOCK Marks in connection with the sale, offering for sale, distribution, or advertising of its underwear.

45. Upon information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Shinesty's use of the Registered HAMMOCK Marks.

46. Defendant is not authorized by Shinesty to use the Accused HAMMOCK Marks, or any mark or imitation confusingly similar or that in any way represents or implies that Defendant and/or Defendant's goods and services are in any way associated with Shinesty.

47.     Defendant's unauthorized use of the Accused HAMMOCK Marks in connection with underwear constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     Defendant's use of the Accused HAMMOCK Marks is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of Defendant's goods and/or services, and has falsely suggested that Defendant and/or Defendant's goods and/or services are sponsored by, connected to, or otherwise associated with Shinesty.

49.     Defendant is using the Accused HAMMOCK Marks in a knowing, deliberate, willful and/or reckless manner to attempt to render as descriptive or generic the marks that are the subject of the '183 and '234 Registrations.

50.     As a direct and proximate result of Defendant's knowing, deliberate, and willful and/or reckless infringement of the Registered Hammock Marks, Shinesty has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are enjoined.

51.     Upon information and belief, Defendant has engaged in the conduct described herein willfully, intentionally, knowingly, and in reckless disregard of the obvious and inevitable injurious consequences of this conduct to Shinesty. In using the Accused HAMMOCK Marks, Defendant has a bad-faith intent to trade on and profit from Shinesty's hard-earned goodwill and reputation and to confuse and mislead the public.

52.     This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT 2 – VIOLATIONS OF THE LANHAM ACT: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

53.     Shinesty realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

54.     Shinesty alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Each of the Shinesty HAMMOCK Marks are inherently distinctive as applied to Shinesty's clothing, including underwear, or in the alternative, have acquired distinctiveness prior to Defendant's acts alleged herein.

56.     Notwithstanding Shinesty's prior established rights in the Shinesty HAMMOCK Marks, upon information and belief, Defendant adopted and used the confusingly similar Accused HAMMOCK Marks in interstate commerce in connection with the sale and offering for sale of underwear.

57.     Upon information and belief, Defendant promotes its underwear in some of the same channels, and to the same consumers, as does Shinesty.

58.     Without Shinesty's consent, Defendant has used the Accused HAMMOCK Marks in connection with the sale, offering for sale, distribution or advertising of its underwear.

59.     Upon information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Shinesty's use of the mark BALL HAMMOCK.

60. Upon information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Shinesty's use of the Shinesty HAMMOCK Marks.

61. Defendant's actions are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Shinesty, which will damage both Shinesty and the public.

62. Defendant's activities have caused confusion or are likely to cause confusion among Shinesty's customers and potential customers.

63. Upon information and belief, Defendant has advertised and offered its goods for sale using the Accused HAMMOCK Marks with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Shinesty's reputation and goodwill.

64. Defendant's unauthorized use of the Accused HAMMOCK Marks in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

65. Defendant's activities have caused confusion or are likely to cause confusion among Shinesty's customers and potential customers.

66. Defendant's unauthorized marketing and sale of its products in interstate commerce using its Accused HAMMOCK Marks constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Shinesty, and constitutes the use of false

14

descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

67.     As a direct and proximate result of Defendant's trademark infringement and acts of unfair competition, Shinesty has suffered and will continue to suffer loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

68.     Defendant's activities are done with willful intent to cause confusion.

69.     Defendant's actions have caused and will continue to cause irreparable harm and damage to Shinesty.

70.     Defendant's trademark infringement and acts of unfair competition will cause further irreparable injury to Shinesty if Defendant is not restrained by this Court from further violation of Shinesty's rights. Shinesty has no adequate remedy at law.

## COUNT 3 – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

71.     Shinesty realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

72.     Shinesty alleges violation of Colorado common law trademark infringement.

73.     Defendant, by the acts complained of herein, has infringed Shinesty's common law trademark rights in the Shinesty HAMMOCK Marks, and has otherwise used the reputation and goodwill of Shinesty to offer its underwear in connection with

the Accused HAMMOCK Marks as if they were sponsored or approved by or connected with Shinesty.

74. By Defendant's unauthorized acts, Defendant is directly infringing Shinesty's trademark rights in the Shinesty HAMMOCK Marks in violation of Colorado common law, to the damage of Shinesty and the unjust enrichment of Defendant.

75. Defendant has, without authorization from Shinesty, traded on and continues to trade on the goodwill associated with the Shinesty HAMMOCK Marks, and has misled consumers into assuming that there is an association between the infringing goods and Shinesty, by using identical or substantially similar trademarks as the Shinesty HAMMOCK Marks.

76. Defendant, by the acts complained of herein, is likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with Shinesty.

77. By virtue of the aforesaid acts, Defendant has violated the common law in the State of Colorado because Defendant has attempted to pass off its goods as those of Shinesty, thereby causing a likelihood of confusion between its goods and those of Shinesty.

78. Shinesty has no adequate remedy at law for the damages caused thereby.

79. Shinesty alleges unfair competition under the common law of the State of Colorado.

80. Defendant, by the acts complained of herein, has competed unfairly with Shinesty and has otherwise used the reputation and goodwill of Shinesty to offer its

underwear in connection with the Accused HAMMOCK Marks as if they were sponsored or approved by or connected with Shinesty.

81. Defendant has misappropriated the Shinesty HAMMOCK Marks and Defendant's conduct is likely to deceive or confuse the public because of the difficulties in distinguishing between Shinesty's and Defendant's goods and services.

82. Defendant's conduct has caused and likely is continuing to cause consumers to believe, mistakenly and erroneously, that Defendant's underwear in connection with the Accused HAMMOCK Marks are affiliated with, related to, sponsored by, derived and/or sourced from Shinesty.

83. By virtue of the aforesaid acts, Defendant has violated the common law in the State of Colorado because Defendant has attempted to pass off its goods as those of Shinesty and has attempted to render the marks BALL HAMMOCK and BALL HAMMOCK POUCH as descriptive or generic, violating Shinesty's rights in the Shinesty HAMMOCK Marks, constituting acts of unfair competition.

84. Upon information and belief, Defendant's wrongful acts have been willful and intentional without regard for Shinesty's rights in the Shinesty HAMMOCK Marks. Defendant knew or should have known of Shinesty's prior use and established rights in and to the Shinesty HAMMOCK Marks.

85. As a result of Defendant's acts, Shinesty has suffered and will continue to suffer damages, as well as the loss of control over the goodwill and reputation established in the Shinesty HAMMOCK Marks.

86. Shinesty has no adequate remedy at law because, among other things, (a) the Shinesty HAMMOCK Marks are unique and valuable property which has no

readily determinable market value; (b) Defendant's infringement constitutes harm to Shinesty such that Shinesty could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, mislead, or deceived as to the source, origin, or authority of the infringing goods and services, and (d) Defendant's wrongful conduct is continuing and ongoing, since Defendant is currently selling underwear in connection with the Accused HAMMOCK Marks, which are identical or substantially similar to the Shinesty HAMMOCK Marks.

87.  At a minimum, Shinesty is entitled to injunctive relief, an accounting of Defendant's profits, damages, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

## REQUEST FOR RELIEF

In view of the foregoing, Shinesty respectfully requests that the Court enters judgment in its favor and grant the following relief:

A.  For a judgment that the Shinesty Registered Marks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114(a);

B.  For a judgment that the Shinesty HAMMOCK Marks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

C.  For a judgment that Defendant's use of the Accused HAMMOCK Marks constitutes federal unfair competition and a false designation of origin in violation of 15 U.S.C. § 1125(a);

D.  For a judgment that Defendant's use of the Accused HAMMOCK Marks violates Colorado common law trademark infringement and common law unfair competition laws;

E. For an award of Defendant's profits and Shinesty's damages in an amount to be proven at trial for trademark infringement of the Registered HAMMOCK Marks under 15 U.S.C. § 1114(a);

F. For an award of Defendant's profits and Shinesty's damages in an amount to be proven at trial for false designation of origin and unfair competition of the Shinesty HAMMOCK Marks under 15 U.S.C. § 1125(a);

G. For a declaration that Defendant's infringement and other wrongful acts herein alleged be determined to be deliberate, willful, and/or reckless in disregard of Shinesty's rights;

H. That Defendant be ordered to provide Shinesty with an accounting of any and all sales of goods and services which infringe the Shinesty HAMMOCK Marks;

I. That Shinesty be awarded monetary relief including damages sustained by Shinesty in an amount not yet determined;

J. For a grant of an award to Shinesty of Defendant's gross and net sales, revenues, and profits received or derived by Defendant or its affiliates from use of the Accused HAMMOCK Marks, and/or to award such other relief as may be available pursuant to 15 U.S.C. § 1117, and other applicable federal and state law;

K. For an order that Defendant deliver for impoundment and destruction any and all products, advertising, circulars, price lists, signs, banners, business stationary, prints, packages, labels, containers, freights, cartons, receptacles, wrappers, artwork, digital media, and other materials in their possession or custody or under its control bearing the Accused HAMMOCK Marks, and/or to order such other relief as may be available pursuant to 15 U.S.C. § 1118;

L. For a finding that this case is an "extraordinary case" within the meaning of 15 U.S.C. § 1117(a).

M. For an award of treble damages to Shinesty, together with costs, interest, and reasonable attorneys' fees as permitted by 15 U.S.C. § 1117(a) and other applicable federal and state law;

N. That Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them be permanently enjoined and restrained from using the

Accused HAMMOCK Marks and the Shinesty HAMMOCK Marks, or any other designation alone or in combination with other words or symbols, as a service mark, trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's products and services where that designation would create a likelihood of confusion, mistake or deception with Shinesty;

O.  For temporary, preliminary and permanent injunctive relief from this Court under 15 U.S.C. §1116(a) and Colorado law, prohibiting Defendant from engaging or continuing to engage in the unlawful or unfair business acts or practices described herein, including the unauthorized use of any trademark right of Shinesty; acts of trademark infringement; false designation of origin; unfair competition; and any other act in derogation of Shinesty's rights;

P.  For any remedies or injunctive relief permitted under Colorado law;

Q.  For an award to Shinesty of all damages, costs, disbursements, expenses, and attorneys' fees owed to them pursuant to the Lanham Act and Colorado state law by reason of Defendant's deliberate, willful, conscious, and/or reckless infringement of Shinesty's intellectual property rights;

R.  For an award of pre-judgment and post-judgment interest as allowed by law; and

S.  For such other and further relief as the Court may deem just and equitable.

Dated: May 27, 2021                           Respectfully submitted,

                                              KOLITCH ROMANO LLP


                                              By /s/ Thomas J. Romano
                                              Thomas J. Romano, OSB No. 053661
                                              Kolitch Romano LLP
                                              520 SW Yamhill Street, Suite 200
                                              Portland, Oregon 97204
                                              Telephone: (503) 994-1650
                                              Email: tj@kolitchromano.com
                                              Attorney for Plaintiff Shinesty, Inc.